838 F.2d 470
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
BLACK SHIELD POLICE ASSOCIATION, et al., on behalf of its
members; Russell L. Johnson, on behalf of himself
and other similarly situated; William
J. Robinson; and Earl Brown,
Plaintiffs-Appellants,
v.
CITY OF CLEVELAND; George V. Voinovich, Mayor, City of
Cleveland; Reginald Turner, Safety Director, City of
Cleveland; William Hanton, Chief of Police, City of
Cleveland Police Department; Thomas R. Skulina, President,
Cleveland Civil Service Commission; Solomon Harge,
Commissioner, Cleveland Civil Service Commission; Irene M.
Morrow, Commissioner, Cleveland Civil Service Commission;
Nancy Oliver, Commissioner, Cleveland Civil Service
Commission; Edward Rybka, Commissioner, Cleveland Civil
Service Commission, Defendants-Appellees.
 No. 86-4128.
 United States Court of Appeals, Sixth Circuit.
 Feb. 5, 1988.
 
 1
 Before KEITH and WELLFORD, Circuit Judges, and HULL*, District Court Judge.
 
 
 2
 PER CURIAM;
 
 
 3
 Appellants Black Shield Police Association, et al. appeal from the district court's grant of summary judgment in favor of appellees City of Cleveland, et al. in this action brought under 42 U.S.C. Secs. 1981 and 1983 and Title VII of the Civil Rights Act of 1964, 42 U.S.C. Sec. 2000e et seq. ("Title VII"). For the reasons set forth below, we AFFIRM the district court's grant of summary judgment as to the claim brought under 42 U.S.C. Secs. 1981 and 1983; however, we REVERSE the district court's grant of summary judgment as to appellants' Title VII claim, and REMAND this action to allow appellants to present their claim to the lower court.
 
 
 4
 This action was initiated in the United States District Court for the Northern District of Ohio, Eastern Division, on July 12, 1985. The complaint alleged that promotional examinations administered by the Civil Service Commission ("Commission") of the City of Cleveland ("City") had a disproportionate impact on Black police officers employed by the City. The initial complaint did not set forth a claim under Title VII. However, on March 11, 1986, appellants filed a Motion for Leave to File an Amended Complaint. The motion was granted and on March 17, 1986, an amended complaint was filed setting forth Title VII as an additional claim.
 
 
 5
 On January 20, 1986, appellees moved for summary judgment, contending that they did not possess the requisite discriminatory intent under 42 U.S.C. Sec. 1981, and that the alleged disproportionate impact was insufficient to establish the requisite discriminatory intent under 42 U.S.C. Sec. 1981. On March 11, 1986, appellants filed their Brief in Opposition to the Motion for Summary Judgment. Appellants argued that a claim of disparate impact had been set forth in the complaint and that in cases alleging disparate impact, intentional discrimination need not be shown.
 
 
 6
 The district court granted the motion for summary judgment, ruling that the intent to discriminate under 42 U.S.C. Secs. 1981 and 1983 was not present and, in addition, there was no disparate impact under Title VII as a matter of law. Thus, the district court granted the motion not only as to appellants' 42 U.S.C. Secs. 1981 and 1983 claims, but also as to their Title VII claim.
 
 II.
 
 7
 Black Shield Police Association is an organization which serves to protect and advance the interest of Black police officers in the City. The City promotes within its police department by written, competitive examination. The Commission develops, administers and scores these examinations. In 1972 and 1977, Black Shield Police Association filed suit in federal district court against the City alleging employment discrimination against Blacks and Hispanics. The Honorable William K. Thomas entered judgment by consent decree, ordering remedial measures be taken as to both hiring and promotions. Under the consent decree, the ratio of non-minority promotions to minority promotions was four to one. The consent decree was later modified and the ratio was lowered to three to one. The modification also set annual quotas for promotions and extended Judge Thomas' jurisdiction through December 31, 1984.
 
 
 8
 On May 3, 1984, the Commission began preparations to conduct promotional examinations by soliciting bids from testing companies. ETAA, Inc., a company certified by Judge Thomas as an expert to prepare, administer and grade promotional examinations, received the contract. On December 31, 1984, Judge Thomas' jurisdiction over promotions expired.[1]
 
 
 9
 On February 2, 1985, the Commission gave promotional examinations for the positions of sergeant, lieutenant and captain. On July 10, 1985, the police department requested from the Commission a certified list of officers eligible to fill twenty-four positions as sergeant, thirteen as lieutenant and six as captain. The Commission certified a list of thirty-six officers for sergeant, twenty-one for lieutenant and ten for captain. The certified list for sergeant contained one Black, ranked eleventh. The list for lieutenant contained one Black, ranked fourteenth. No Blacks were on the list for captain. On July 17, 1985, the police department made its promotions. It promoted one Black to sergeant.
 
 III.
 
 10
 This appeal addresses the claims brought under 42 U.S.C. Secs. 1981 and 1983, and the claim brought under Title VII. Appellants conceded at oral argument, however, that the district court's disposition of their 42 U.S.C. Secs. 1981 and 1983 claims was correct. Thus, we AFFIRM the district court's grant of summary judgment as to these claims and limit our discussion to the Title VII claim.
 
 
 11
 Appellants argue that the district court erred in granting summary judgment as to the Title VII claim. They contend that the appellees' motion was directed exclusively to the existence of intentional discrimination under 42 U.S.C. Sec. 1981. They argue that since they did not know the court was going to consider the Title VII claim sua sponte, they did not attempt to come forward with evidence to support the claim by invoking Fed.R.Civ.P. 56(f).[2]
 
 
 12
 Appellees argue that the district court was justified in its sua sponte grant of summary judgment as to the Title VII claim. Appellees argue that, absent circumstantial evidence, the statistical evidence required to prove disparate impact under Title VII is of the same kind as that required to prove discriminatory purpose under 42 U.S.C. Sec. 1981. Under Title VII, the degree of disparity between the racial balance and composition of an employer's workforce and that of the community must be "significantly discriminatory." Dothard v. Rawlinson, 433 U.S. 321, 329 (1977) (citation omitted). Under 42 U.S.C. Sec. 1981, the degree must be greater or "gross." Detroit Police Officers Association v. Young, 608 F.2d 671, 693 (6th Cir.1979), cert. denied, 452 U.S. 938 (1981). Thus, appellees argue that the lower court was correct when it stated that "if a plaintiff argues that a disparity is gross, he or she [sic] necessarily argues that the statistics show both a significant and a gross disparity. Such a plaintiff is 'on notice that she ha[s] to come forward with all of her evidence.' " Black Shield Police Association v. Cleveland, No. C85-1954 at 14 (N.D.Ohio Nov. 5, 1986) (citing Celotex Corp. v. Catrett, 106 S.Ct. 2548, 2555 (1986)). Appellees therefore argue that appellants' failure to present sufficient evidence to survive a summary judgment motion as to the Title VII claim is not a valid defense.
 
 
 13
 We disagree with appellees' argument and find that the district court erred in granting summary judgment sua sponte as to the Title VII claim. In Celotex, a widow sued in federal district court, alleging that her husband's death resulted from his exposure to asbestos manufactured by defendants. A defendant moved for summary judgment, claiming that plaintiff had failed to produce evidence that her husband had been exposed. Plaintiff produced documents outlining such exposure, but the moving party alleged that the documents were inadmissable heresay. The district court granted the motion. Celotex, 106 S.Ct. at 2551.
 
 
 14
 The United States Court of Appeals for the District of Columbia reversed, holding that the moving party had not adduced evidence, in the form of affidavits or otherwise, to support the motion. The court also held that Fed.R.Civ.P. 56(e)[3] and the decision of the United States Supreme Court in Adickes v. S.H. Kress and Co., 398 U.S. 144 (1970), required the party opposing the motion for summary judgment bear the burden of responding only after the moving party had met its burden of coming forward with proof of the absence of any genuine issue of material fact. Catrett v. Johns-Manville Sales Corp., 756 F.2d 181 (D.C.Cir.1985), rev'd sub nom. Celotex Corp. v. Catrett, 106 S.Ct. 2548 (1986).
 
 
 15
 The United States Supreme Court reversed, holding that Fed.R.Civ.P. 56 did not require the moving party to support its motion with affidavits or other materials negating the opponent's claim. The Court further held that the decision in Adickes did not mean that the burden was on the moving party to produce evidence to show the absence of a genuine issue of material fact. Celotex, 106 S.Ct. at 2554. The entry of summary judgment is mandated, "after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and upon which that party will bear the burden of proof at trial." Id. at 2552-3.
 
 
 16
 Despite the above language, Celotex does not support the grant of summary judgment sua sponte as to appellants' Title VII claim. The court in Celotex stated that district courts possess the power to enter summary judgment sua sponte, "so long as the losing party is on notice that she ha[s] to come forward with all of her evidence." Celotex, 106 S.Ct. at 2554 (citation omitted).[4] In the instant case, appellants had no notice that they were to come forward with all of their evidence because the moving party's motion did not address the Title VII claim.
 
 
 17
 Accordingly, for the reasons set forth above, we AFFIRM the district court's grant of summary judgment as to the claims brought pursuant to 42 U.S.C. Secs. 1981 and 1983; however, we REVERSE the district court's grant of summary judgment as to the Title VII claim and REMAND this action to allow appellants the opportunity to present their claim before the lower court.[5]
 
 
 
 *
 Honorable Thomas G. Hull, Chief Judge, United States District Court for the Eastern District of Tennessee, sitting by designation
 
 
 [1]
 Amendments to the consent decree extended the duration of Judge Thomas' jurisdiction over hiring practices
 
 
 [2]
 Fed.R.Civ.P. 56(f) provides that a court may refuse an application for judgment or grant a continuance where a party opposing a motion for summary judgment cannot present by affidavit facts essential to justify his opposition
 
 
 [3]
 Fed.R.Civ.P. 56(e) states the following:
 Form of Affidavits; Further Testimony; Defense Required. Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits. When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.
 
 
 [4]
 In Celotex, 106 S.Ct. at 2553, the Court stated:
 Of course, a party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.
 
 
 [5]
 Appellees argue that appellants failed to timely file charges with the Equal Employment Opportunity Commission. Appellees further argue that appellants' Title VII claim was not timely filed. These issues are left for resolution by the district court upon remand