NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 06a0014n.06
Filed: January 6, 2006

No. 04-4269

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| DONNA SAXE, EXECUTOR | ) | |
| OF THE ESTATE OF | ) | ON APPEAL FROM THE UNITED |
| RONALD SAXE, DECEASED, | ) | STATES DISTRICT COURT FOR |
| | ) | THE SOUTHERN DISTRICT OF |
| and | ) | OHIO |
| | ) | |
| DONNA SAXE, | ) | |
| | ) | |
| Plaintiffs-Appellants, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| THOMAS P. DLUSKY, | ) | |
| | ) | |
| Defendant-Appellee. | ) | |

BEFORE: MARTIN, GIBBONS, and GRIFFIN, Circuit Judges.

PER CURIAM.

Plaintiff-appellant Donna Saxe ("Saxe") appeals the grant of a summary judgment entered by the district court in favor of Thomas P. Dlusky ("Dlusky") following the court's determination that Saxe failed to raise a dispute of material fact with regard to her federal Securities Exchange Act claim and decision not to exercise jurisdiction over her additional state law claims. Because the district court granted summary judgment sua sponte, Saxe contends that the summary judgment standard was incorrectly applied and material facts were in dispute evidencing Dlusky's violation of fiduciary duties that he owed to Saxe.

We hold that the district court committed error requiring reversal when it granted summary judgment sua sponte. Accordingly, we reverse the grant of summary judgment and remand the case for further proceedings.

I.

Plaintiff-appellant Donna Saxe, in her capacity as both the widow of decedent CPA Ronald Saxe and the executor of his estate, sued Thomas P. Dlusky in January 2003.[1] Dlusky was a partner with Ronald Saxe in the Pritchett, Dlusky & Saxe accounting firm ("PDS Accounting") in Columbus, Ohio. In addition to the accounting firm, both Dlusky and Ronald Saxe each owned a twenty-five percent interest in a closely-held Ohio corporation, PDS Planning, Inc. A third shareholder, Robert Hamilton, owned the remaining fifty percent of PDS Planning.

Ronald Saxe died on December 29, 1997.[2] The twenty-five percent interest that he owned in PDS Planning was then owned by his widow, Donna Saxe. Sometime before June 1998, Dlusky discussed purchasing that twenty-five percent interest in PDS Planning with Donna Saxe. During these discussions, Dlusky told Donna Saxe that he believed that the twenty-five percent interest was worth $30,000, based upon a "rule of thumb" valuation of four and one-half times the previous year's profits. Plaintiff's son, Douglas Saxe, assisted her in connection with the transaction. At the time, Douglas Saxe was an accountant and partner in PDS Accounting, preparing tax returns for both

---

[1]For the sake of clarity, Donna Saxe's dual capacities will not be referred to separately.

[2]It appears that Donna Saxe's deposition was not taken. Her filings and affidavit do not confirm all of these dates, nor do they contradict them. Accordingly, the majority of the dates and relevant facts are derived from Dlusky's uncontradicted affidavit and deposition, and the district court opinion.

PDS Planning and Dlusky individually after his father's death. He remained employed in that capacity through 2001.

Plaintiff eventually agreed to the $30,000 purchase price, which was memorialized by plaintiff's estate attorney. Saxe never requested to have the stock appraised, and even waived her right in probate court to have the shares of PDS Planning appraised. The sale of stock was executed on November 23, 1999. Sometime in the late summer of 2000, Robert Hamilton, the president and fifty-percent shareholder in PDS Planning, approached Dlusky and offered him $250,000 for the fifty percent interest in PDS Planning he now owned.

In January 2003, Saxe filed a claim against Dlusky pursuant to Section 10 of the federal Securities and Exchange Act of 1934, 15 U.S.C. § 78j(b) and Rule 10b-5, 17 C.F.R. § 240.10b-5; in addition, Saxe alleged several state law claims. In part, Saxe asserted that Dlusky violated his fiduciary duty towards her and breached a Partnership Agreement when he applied the proceeds of a life insurance policy to fulfill the Partnership Agreement's buyout after death provision. Saxe also claimed that Dlusky violated his fiduciary duty when he purchased stock from her and resold it at a higher price. The parties filed cross-motions for summary judgment, and the district court granted Dlusky's motion, dismissing Saxe's federal claims with prejudice and her state claims without prejudice. Saxe's state law claims are now pending in state court.

The district court possessed subject matter jurisdiction pursuant to 28 U.S.C. § 1331 by virtue of plaintiff Saxe's claim pursuant to the federal Securities and Exchange Act of 1934. The district court also had supplemental jurisdiction over Saxe's state law claims pursuant to 28 U.S.C.

§ 1367(c), but declined to exercise that jurisdiction. This Court has jurisdiction over the final order of the district court pursuant to 28 U.S.C. § 1291.

II.

Saxe first contends that the district court inappropriately granted summary judgment to Dlusky on the merits of her claim. Although Dlusky moved for summary judgment, he did so solely on the basis of alleged lack of subject matter jurisdiction. Specifically, Dlusky argued that no instrumentality of interstate commerce was used; thereby, one of the elements of Saxe's claim was not fulfilled. The district court found this argument unavailing, but nonetheless proceeded to grant Dlusky summary judgment on the merits of Saxe's claim. Saxe appeals this ruling, arguing (1) that the district court incorrectly granted summary judgment sua sponte, and (2) that the grant of summary judgment was improper because of the existence of genuine issues of material fact.

Sua sponte grants of summary judgment are disfavored. *Employers Ins. of Wausau v. Petroleum Specialities, Inc.*, 69 F.3d 98, 105 (6th Cir. 1995). Nonetheless, "'district courts are widely acknowledged to possess the power to enter summary judgments sua sponte, so long as the losing party was on notice that she had to come forward with all of her evidence.'" *Id.* at 105 (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 326 (1986)). Here, both parties engaged in discovery and filed extensive briefs. However, the motion at issue was based solely on the alleged lack of jurisdiction. On the record, we are unable to conclude that Saxe was on notice of the basis for the district court's sua sponte grant of summary judgment and thus of her need to come forward with all her evidence.

For this reason, we reverse and remand for further proceedings consistent with this opinion.