NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 08a0721n.06
Filed: November 20, 2008

No. 07-4239

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

AUBIN INDUSTRIES, INC., )
)
    Plaintiff-Appellant, )
)
v. ) On Appeal from the United States
) District Court for the Southern
JEFF SMITH, WELLINGTON INDUSTRIES, INC., ) District of Ohio
n/k/a WI HOLDINGS, INC., STANDEX )
INTERNATIONAL CORP., COLSON CASTER )
CORP., COLSON GROUP, INC., and )
WELLINGTON INDUSTRIAL GROUP, )
)
    Defendants-Appellees. )

Before:    BOGGS, Chief Judge; and GIBBONS and GRIFFIN, Circuit Judges

    BOGGS, Chief Judge: Plaintiff Aubin Industries, Inc. makes industrial wheels. Defendants have, at various times, owned the Wellington caster business. From approximately 1998 to 2002, Wellington purchased wheels from Aubin and incorporated them into casters, which Wellington then sold to Honda of America. The parties stopped doing business in 2002 after Aubin discovered that Wellington had duplicated its wheel and was using such wheel in its casters. Aubin sued for, inter alia, misappropriation of trade secrets, deceptive trade practices, unfair competition, fraudulent misrepresentation, negligent misrepresentation, breach of distributorship agreement, breach of joint venture,

and civil conspiracy. After both parties consented to his jurisdiction, a magistrate judge granted summary judgment on all counts for the defendants.

The magistrate judge's well-reasoned opinion properly granted summary judgment for the defendants because Aubin has failed to produce any evidence of at least one element of every of cause of action. We therefore affirm the substance of the summary judgment based on the opinion of the magistrate judge. Only the procedural decision to grant summary judgment sua sponte on the breach of joint venture claim requires additional comment. Because the magistrate judge did not abuse his discretion in considering summary judgment against Aubin sua sponte, the magistrate judge's opinion is affirmed in full.

Count III of Aubin's second amended complaint is titled "Breach of Partnership/Joint Venture against Wellington," and it was brought against only one of the defendants, Wellington Industries, Inc ("Wellington Industries"). J.A. 13. Wellington Industries filed a motion for summary judgment on "all claims" and attached a memorandum regarding only Count III. *Id.* at 104. Because the supporting memorandum addressed only the partnership aspect of Count III, *id.* at 105–08, Aubin argues that Wellington Industries did not request summary judgment on the joint venture claim and therefore the grant was procedurally improper.

Even assuming that Wellington Industries did not properly move for summary judgment on the joint venture claim, the magistrate judge had the power to grant summary judgment sua sponte. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 326 (1986).

No. 07-4239
Aubin Industries, Inc. v. Smith, et al.

The procedural decision to grant summary judgment sua sponte is reviewed for abuse of discretion. *Employers Ins. of Wausau v. Petroleum Specialties, Inc.*, 69 F.3d 98, 105 (6th Cir. 1995). For a sua sponte grant to be permissible, the losing party must have had notice that the court was considering summary judgment on the claim, as well as a reasonable opportunity to present its arguments and evidence on the claim. *Ibid.* Notice and opportunity are determined from the totality of the proceedings below, including whether any party filed a motion for summary judgment on the claim and whether the losing party addressed the claim in its arguments. *Excel Energy, Inc. v. Cannelton Sales Co.*, 246 F. App'x 953, 959–60 (6th Cir. 2007).

Aubin knew that the magistrate judge was considering summary judgment on the joint venture claim because Aubin itself had moved for summary judgment on the claim. J.A. 128. This motion gave Aubin an opportunity and an incentive to present all of its evidence and arguments concerning the joint venture claim, which it did in its supporting memorandum. *Id.* at 138–40. Furthermore, Aubin also addressed the issue in its reply brief in support of summary judgment. *Id.* at 257. Therefore, the magistrate judge did not abuse his discretion in granting summary judgment for Wellington Industries sua sponte.

The magistrate judge's decision granting summary judgment to the defendants on all claims is AFFIRMED.