HELENE N. WHITE, Circuit Judge,
concurring in part and dissenting in part.
I join the majority opinion except Part 11(C)(2) and the related portion of Part III, from which I respectfully dissent. I would reverse the summary dismissal of claims based on Wyeth’s alleged negligence in failing to adequately investigate adverse reports regarding Redux after FDA approval, and in failing to timely remove Redux from the market, and remand such claims to the district court for further proceedings. Although I agree with the majority that Buchanan failed to present evidence in support of these claims, my review of the record convinces me that this is because Wyeth’s motions for summary judgment did not attack the factual support for these claims.
Buchanan’s Amended Complaint included claims that Wyeth was negligent in “failing to adequately monitor the effects of the drug[ ] ... failing to timely and accurately report to the FDA all adverse drug experience information obtained, and concealing and misrepresenting the results of studies to physicians and the public.” Wyeth brought three motions for summary judgment. The only motion potentially related to the post-FDA-approval negligence claims was Wyeth’s Motion for Summary Judgment Based on Lack of Evidence of Proximate Causation. Wyeth included two arguments in that motion. The majority of the brief was dedicated to Wyeth’s argument that Buchanan’s “failure to warn” claim is barred by the “learned intermediary” doctrine. Wyeth’s second argument was that Buchanan’s “design defect” claim under the OPLA is barred because Wyeth had provided a statutorily sufficient “adequate warning” under Ohio Rev.Code Ann. § 2307.75(D), and that even if the warnings were inadequate, Buchanan had not “established that any such claimed inadequacy proximately caused her physician to prescribe the drug to her.” These arguments were not addressed to Buchanan’s allegations that Wyeth is responsible for *647 “[n]egligence in failing to investigate adverse reaction reports and in other conduct below the industry standard of care ... leading to Wyeth’s failure to withdraw Redux from the market before December 1996.” [1]
In its order granting summary judgment, the district court identified two negligence claims, general negligence and negligent design. In granting summary judgment to Wyeth on all negligence claims, the district court cited Wyeth’s evidence regarding the warnings it sent to physicians, and specifically to Dr. Erokwu, and faulted Buchanan for not submitting evidence that Wyeth should have taken Redux off the market sooner. Although that failure was justifiably regarded as fatal to the design-defect claims based on inadequate warnings (which were directly addressed by Wyeth’s summary judgment motion), it should not have been regarded as fatal to the general negligence claims alleging failure to adequately investigate and/or to take Redux off the market sooner.
In effect, the district court granted summary judgment on these claims sua sponte. Although this is permitted, it is disfavored. Saxe v. Dlusky, 162 Fed.Appx. 430, 432 (6th Cir.2006) (“Sua sponte grants of summary judgment are disfavored.”) (citing Employers Ins. of Wausau v. Petroleum Specialties, Inc., 69 F.3d 98, 105 (6th Cir.1995)); Chance v. Mahoning County, 105 Fed.Appx. 644, 649 (6th Cir. 2004) (noting that grants of summary judgment sua sponte are discouraged in the Sixth Circuit). If a district court is to do so, the losing party must be “on notice that she ha[s] to come forward with all of her evidence.” Celotex Corp. v. Catrett, 477 U.S. 317, 326, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).
“Notice and opportunity are determined from the totality of the proceedings below, including whether any party filed a motion for summary judgment on the claim and whether the losing party addressed the claim in its arguments.” Aubin Indus., Inc. v. Smith, 321 Fed.Appx. 422, 423 (6th Cir.2008). In this instance, Buchanan did not have notice that she had to present her evidence as to the post-FDA approval failure to investigate/failure to remove from the market negligence claims because Wyeth’s motion did not address these claims. See Black Shield Police Ass’n v. City of Cleveland, 838 F.2d 470, 1988 WL 7933 at *3 (6th Cir.1988) (unpublished table decision); see also Shelby County Health Care Corp. v. S. Council Indus. Workers Health & Welfare Trust Fund, 203 F.3d 926, 931 (6th Cir.2000) (“[W]e have held that Fed.R.Civ.P. 56(c) mandates that the losing party must ‘be afforded notice and reasonable opportunity to respond to all the issues to be considered by the court.’ ”). As a result, Buchanan had “no reason to believe that [her] cause of action was in danger of being dismissed.” Moisenko v. Volkswagenwerk Aktiengesellschaft, 198 F.3d 246, 1999 WL 1045075 at *5 (6th Cir.1999) (unpublished table decision).
Further, the dismissal of the post-FDA approval negligence claims prejudiced Buchanan because it foreclosed a potential avenue of relief. See Yashon v. Gregory, 737 F.2d 547, 552 (6th Cir.1984) (appellant of sua sponte entry of summary judgment must show prejudice); see also Moisenko, 198 F.3d 246, 1999 WL 1045075 at *5 (“This Court has held that ‘not having an opportunity to respond constitutes prejudice,’ as a plaintiff is entitled to be informed of the deficiencies in his case ‘in *648 order that he might respond to the district court’s proposal to grant summary judgment with whatever arguments and evidence in the record that he could muster.’” (quoting Yashon, 737 F.2d at 552)). Buchanan had no notice that the district court was contemplating granting summary judgment on the post-FDA-approval general negligence claims, and therefore should not be penalized for failing to address that point.[2]

. As the district court noted, much confusion could have been avoided if Buchanan had been clearer in identifying and distinguishing her claims.

. To be clear, I would not hold that summary judgment on this claim is inappropriate, only that the issue should be squarely addressed by the parties before the district court rules on it.