NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 13a0442n.06

No. 12-5590

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
*May 01, 2013*
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| ADVANCED CONCRETE TOOLS, INC., | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR |
| HERMAN W. BEACH and MANOWN | ) | THE MIDDLE DISTRICT OF |
| ENGINEERING CO., INC., | ) | TENNESSEE |
| | ) | |
| Defendants-Appellants. | ) | |
| | ) | OPINION |

Before: MERRITT, CLAY, and DONALD, Circuit Judges.

**Bernice B. Donald, Circuit Judge**. In this diversity action, Appellee Advanced Concrete Tools, Inc. ("ACT") brought a breach of contract claim against Appellant Herman W. Beach and Manown Engineering Co., Inc. ("Manown"). Beach and Manown filed a counterclaim for breach of contract. Subsequently, Beach and Manown filed a motion for partial summary judgment on the sole issue of damages, contingent upon the court finding them liable for breach. The district court granted the motion, determined the amount of damages, and, *sua sponte*, entered judgment in favor of ACT on the issue of liability. For the following reasons, we reverse the judgment of the district court and remand for further proceedings.

I.

On June 5, 2007, Beach and Manown entered into an Asset Purchase Agreement ("APA") with ACT. Under the APA, Beach and Manown were to purchase certain assets from ACT, including various tools and equipment manufactured by ACT, for $1,100,000. On July 1, 2007, the parties amended the terms of the APA, allocating payment as follows:

(i) $600,000 cash payable upon completion of the sale of assets hereunder on the following schedule:

  a. $290,000.00 on the date of closing.
  b. $10,000.00 escrow deposit.
  c. $200,000.00 within 60 days following the date of closing together with interest thereon at the rate of six percent (6%) per annum.
  d. $100,000.00 within 90 days following the date of closing together with interest thereon at the rate of six percent (6%) per annum.

(ii) Plus quarterly payment equal to 2% of gross sales of screeds, screed bars, saddle clamps, concrete bomb, and other screed related products sold by Advanced Concrete Tools Inc. at the time of closing of this transaction until seller has been paid $500,000. Such payments will begin fifteen months after completion of the sale hereunder.

The amendment did not contain an acceleration clause.

On July 10, 2007, the parties closed on the sale. Pursuant to the terms of the amended APA, within ninety days of closing, Beach and Manown paid ACT $600,000; the remaining $500,000 was due in installments beginning in October 2008.

Beach and Manown claimed that, subsequent to closing, they discovered problems with the materials purchased from ACT under the APA. They further argued that these problems affected the gross sales of the products, thereby affecting their ability to make the 2% payments required

under Section (ii) of the APA. Consequently, Beach and Manown did not make any payments towards the $500,000 balance.

ACT filed a suit for breach of contract in state court, and Beach and Manown successfully removed the action to federal court based on diversity jurisdiction. Beach and Manown also filed four counterclaims, three of which were dismissed on statute of limitations grounds on ACT's motion for partial summary judgment, with a breach of contract counterclaim remaining. On October 4, 2011, Beach and Manown filed a motion for partial summary judgment on the sole issue of the proper measure of damages on ACT's breach of contract claim. The district court granted the motion, determined that the amount of damages was $500,000, plus prejudgment interest, and, *sua sponte*, entered judgment on the issue of liability in favor of ACT. Beach and Manown timely appealed.[1]

II.

Beach first challenges the district court's *sua sponte* entry of summary judgment in favor of ACT. He contends that because the district court failed to provide him with sufficient notice that it would rule on the issue of liability, it erred as a matter of law in entering judgment. We review a district court's *sua sponte* grant of summary judgment for abuse of discretion. *Bennett v. City of Eastpointe*, 410 F.3d 810, 816 (6th Cir. 2005). A finding of an abuse of discretion is nonetheless

---

[1]Manown was dismissed with prejudice from the this appeal; thus, the only remaining appellant is Herman W. Beach.

subject to harmless error analysis, in which the aggrieved party must demonstrate prejudice in order to prevail. *Smith v. Perkins Bd. of Educ.*, 708 F.3d 821, 829 (6th Cir. 2013).

## A. Notice

While the practice is not favored, we have long recognized a district court's authority to enter summary judgment on grounds not advanced by either or any party. *See id.*; *Excel Energy v. Cannelton Sales Co.*, 246 F. App'x 953, 959 (6th Cir. 2007). This, however, is only permitted where "the losing party was on notice that [it] had to come forward with *all* of [its] evidence." *Celotex Corp. v. Catrett*, 477 U.S. 317, 326 (1986) (emphasis added). "The clearly established rule in this circuit is that a district court must afford the party against whom *sua sponte* summary judgment is to be entered ten-days notice and an adequate opportunity to respond." *Yashon v. Gregory*, 737 F.2d 547, 552 (6th Cir. 1984). "Notice and opportunity are determined from the totality of the proceedings below, including whether any party filed a motion for summary judgment on the claim and whether the losing party addressed the claim in its arguments." *Aubin Indus., Inc. v. Smith*, 321 F. App'x 422, 423 (6th Cir. 2008).

Considering the totality of the proceedings, we find that the district court erred in *sua sponte* granting summary judgment. Although ACT and Beach each filed motions for summary judgment, neither party moved for summary judgment on the issue of liability for breach of contract. While unusual, Beach filed a motion for summary judgment on damages alone–in the event the court were to subsequently find him liable for breach. The issue of liability was not briefed by Beach, and the

evidence submitted pertained to the calculation of damages based on revenue records and deposition testimony on the lack of a requirement of future manufacturing of ACT products, products Beach was required to sell in order to pay the 2% due under the amended APA. ACT's memorandum of law in response to Beach's motion for partial summary judgment assumes breach on the part of Beach, but nonetheless, argues contract interpretation only as it applies to the measure of damages. And, most importantly, the district court did not inform Beach that it was considering the issue of liability in conjunction with the measure of damages prior to its ruling.

Even if Beach had been on notice, the district court's opinion failed to address his counterclaim for breach of contract, which, in this case, we view as potentially relevant to determining liability.[2] Beach's counterclaim was based on certain warranties in the APA. Under the Uniform Commercial Code ("UCC"), to which Tennessee adheres, a counterclaim for breach of warranty would surely require an analysis of rejection or acceptance of the goods and any potential setoff damages. *See Audio Visual Artistry v. Tanzer*, No. W2012-00216-COA-R3-CV, 2012 WL 6697600, at *16-17 (Tenn. Ct. App. Dec. 26, 2012). This is especially so where a determination that ACT was the first to materially breach the contract by providing damaged goods would necessarily affect the amount of damages, if any, Beach is required to pay. *See Carter v. Krueger*, 916 S.W.2d 932, 936-37 (Tenn. Ct. App. 1995) (holding that a party who has materially breached a contract is not entitled to damages for the other party's later breach). In fact, the district court's opinion sought

---

[2]We note that in granting ACT's motion for partial summary judgment as to three of Beach's counterclaims, the district court did not dismiss Count IV– Beach's counterclaim for breach of contract.

to specifically avoid Beach's contention that ACT had tendered defective goods by stating, "[t]he Court concludes that this is not a material factual dispute as it does not go to the amount of damages." This statement implies that the district court would only entertain arguments as to damages, not liability.

While a district court's failure to address a counterclaim would normally not constitute error because we would assume the district court implicitly rejected the claim, *see Bank of Lexington & Trust Co. v. Vining-Sparks Sec., Inc.*, 959 F.2d 606, 615 (6th Cir. 1992), the error here in granting summary judgment *sua sponte* on the issue of liability precludes such a finding. Since Beach lacked notice that he had to come forward with all of his evidence as it pertained to liability, the district court abused its discretion when it rejected, implicitly or otherwise, Beach's counterclaim for breach.

**B. Prejudice**

We also find that Beach was prejudiced by the district court's failure to give notice and an opportunity to respond. To demonstrate prejudice, the losing party must be able to show "that it *could have* produced new favorable evidence or arguments had more notice been given." *Perkins*, 708 F.3d at 831 (emphasis added). Whether Beach would have been successful on the issue of liability or his counterclaim for breach of contract is immaterial. Beach argues that given the opportunity, he would have produced evidence showing product failure, which is the basis for his counterclaim against ACT for breach. After viewing the evidence, the district court might have

determined that ACT materially breached the contract first, thereby affecting the amount of damages. Accordingly, Beach has demonstrated prejudice.

Having determined that Beachsdid not have notice and was prejudiced as a result, we reverse the *sua sponte* grant of summary judgment and remand so that Beach may submit his evidence and the district court can consider all relevant evidence before ruling.

III.

Beach next contends that the district court erred in entering final judgment against him while there remained an unresolved counterclaim. In advancing this position, Beach argues that the district court failed to cite its reasons for determining that the judgment was final or that there was no just reason for delay in accordance with Fed. R. Civ. P. 54(b), despite the fact that the district court did not mention Rule 54(b) in its Order. ACT, in turn, argues that Rule 54(b) is not applicable in this case. We agree.

Rule 54(b) provides as follows:

When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

Fed. R. Civ. P. 54(b). Rule 54(b) is designed to promote efficiency by allowing the district court to certify a claim for interlocutory appeal where the claim is wholly distinct from the remaining claims given the "aggregate of operative facts." *See Planned Parenthood Sw. Ohio Region v. DeWine*, 696 F.3d 490, 500-01 (6th Cir. 2012); *see also Gen. Acquisition, Inc. v. GenCorp, Inc.*, 23 F.3d 1022, 1028 (6th Cir. 1994). As Beach correctly points out, to certify a claim under Rule 54(b), the district court must first "expressly direct the entry of final judgment as to one or more but fewer than all the claims . . ." and, second, "must expressly determine that there is no just reason to delay appellate review." *Planned Parenthood*, 696 F.3d at 500.

Here, neither inquiry was addressed by the district court before it entered final judgment. In fact, the district court did not mention Rule 54(b) in its Order. Furthermore, as alluded to previously, Beach's counterclaim for breach cannot be wholly distinct from the issues of liability and damages on ACT's breach of contract claim where both claims involve the same contract and a determination on liability potentially affects the resulting damages. In all likelihood, the district court did not contemplate interlocutory appeal using Rule 54(b), but instead intended its final order to confer jurisdiction on all claims pursuant to 28 U.S.C. § 1291. As such, any review for abuse of discretion in applying Rule 54(b) is unnecessary, and we refer to our previous analysis finding that the district court's final order entering summary judgment *sua sponte* on liability was in error.

IV.

Lastly, Beach argues that the district court erred by granting summary judgment in favor of ACT as to liability because there remained genuine issues of material fact. He also asserts that the district court applied the wrong measure of damages, and thus, erred as a matter of law.

We have already addressed the error in granting summary judgment on the liability issue, and we decline to address the issue of the correct measure of damages. Relying on *General Acquisition*, we agree that "[g]iven the . . . possibility that [the award of damages may] be rendered moot by subsequent developments in the district court, . . . the ruling on damages is not amenable to interlocutory review." 23 F.3d at 1030 (finding that "[a]ppellate review of a question of damages prior to any [proper] determination of liability puts the proverbial cart before the horse").

V.

For the foregoing reasons, we reverse and remand for further proceedings consistent with this opinion.

**MERRITT, Circuit Judge, concurring.** I agree with the Court's disposition of this case. In a breach-of-contract suit, the question of liability naturally comes before the question of damages. This case got off track, however, when the defendant submitted a summary judgment motion asking for a favorable measure of damages in the event that he was found liable for breach. The district court confused matters further by stating at one place in its order that the defendant's motion would be denied and at another place that defendant's motion would be granted. *Compare* R. 64-1, Memorandum at 2, *with* R. 64-1, Memorandum at 14.

The bottom line is that the district court's disposition of the case was premature. The record shows that there is a factual dispute over whether the plaintiff transferred faulty equipment to the defendant. The district court failed to acknowledge this dispute or to address whether it is material to the question of breach. If the district court is going to dispose of the case on summary judgment, it must discuss the facts and reach conclusions on the breach before it addresses damages.